UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAVIS DAY                                      CIVIL ACTION

VERSUS

BATON ROUGE CITY POLICE                         NO. 17-328-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 18, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAVIS DAY                                                   CIVIL ACTION

VERSUS

                                                          NO. 17-328-JWD-RLB

BATON ROUGE CITY POLICE

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

As Plaintiff is proceeding in forma pauperis ("IFP"), the undersigned has performed a review, pursuant to 28 U.S.C. § 1915(e), to determine whether the complaint should be dismissed as frivolous or malicious, or whether it fails to state a claim on which relief may be granted.

**I.      Background**

On May 23, 2017, Travis Day ("Plaintiff") commenced this action by filing a Complaint in which he named "Baton Rouge City Police" as the sole defendant. (R. Doc. 1). Plaintiff alleges in his Complaint that on July 9, 2016, he was wrongfully arrested by the Baton Rogue City Police "for being on the side of the highway during [a] protest," "was beat and injured during the arrest," and was not read his rights. (R. Doc. 1 at 2).

On May 30, 2017, the Court granted Plaintiff's motion to proceed IFP, and ordered the U.S. Marshals Service to serve the defendant. (R. Doc. 4). Process was returned unexecuted. (R. Doc. 6).

Plaintiff subsequently moved to amend his Complaint to name as defendant the City of Baton Rouge, through Mayor Sharon Weston Broome. (R. Doc. 8). The Court granted the motion. (R. Doc. 11).

1

**II. Law and Analysis**

**A. Legal Standards**

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Dismissal under § 1915(e) may be made before service of process. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible"). Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th

Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000).

**B.     Analysis**

Plaintiff's allegations against the defendant "Baton Rouge City Police" must be dismissed because the Baton Rouge Police Department is not a juridical entity capable of being sued. Whether a party other than individuals or corporations has capacity to be sued is generally determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3); *see Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (looking to Texas state law in determining that suit could not proceed against a municipality's police department). Under

3

Louisiana law, the Baton Rouge City Police, *i.e.*, the Baton Rouge Police Department, has neither the capacity to sue nor the capacity to be sued. *Smith v. E.B.R.P. Dep't*, No. 11-135, 2011 WL 4737406, at *3 (M.D. La. Sept. 8, 2011) (recommending dismissal of claim against Baton Rouge City Police Department) (citing cases), *report and recommendation adopted*, 2011 WL 4731174 (M.D. La. Oct. 5, 2011). Accordingly, "the plaintiff's claim against the city police department must be dismissed due to the department's lack of legal capacity to be sued." *Id*.

### III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's claims against "Baton Rouge City Police" be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

Signed in Baton Rouge, Louisiana, on September 18, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**