UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TRAVIS DAY

VERSUS

CITY OF BATON ROUGE, ET AL.

CIVIL ACTION

NO. 17-328-JWD-EWD

**RULING AND ORDER ON MOTION TO STAY DISCOVERY**

Before the court is a Motion to Stay Discovery[1] filed by defendants, Sid. J. Gautreaux, III, Sheriff of East Baton Rouge Parish ("Sheriff Gautreaux"), and AIX Group, d/b/a/ NOVA Casualty Company ("Nova") (collectively, the "EBRSO Defendants"). The Motion to Stay Discovery is opposed by plaintiff, Travis Day ("Plaintiff").[2] For the reasons set forth herein, the Motion to Stay Discovery is **GRANTED.**

**IT IS HEREBY ORDERED** that discovery in this matter, with the exception of written discovery between Plaintiff and the non-moving defendants (*i.e.*, parties other than EBRSO Defendants), is **STAYED** pending resolution of the issues raised in the Motion to Dismiss.[3]

I. **Background**

This suit arises out of the July 5, 2016 shooting of Alton Sterling and the subsequent protests that occurred in Baton Rouge, Louisiana on July 8-10, 2016. The instant suit is one of many lawsuits pending in this court stemming from the Baton Rouge protests. In the other pending suits, the EBRSO Defendants (and other law enforcement defendants) have asserted the defense of qualified immunity.[4] On May 14, 2018, the undersigned stayed discovery, with the exception

---

[1] R. Doc. 42.

[2] R. Doc. 52.

[3] R. Doc. 44.

[4] *Tennart et al. v. City of Baton Rouge, et al.*, United States District Court, Middle District of Louisiana, Civil Action No. 17-179, R. Docs. 117 (Motion to Dismiss filed by Sheriff Gautreaux, Nova, and individual officer defendants) & 122 (Motion to Dismiss filed by Livingston Parish Sheriff's Office defendants); *Geller v. City of Baton Rouge, et al.*,

1

of written discovery between plaintiffs and the non-moving defendants, in these other "protest cases" pending resolution of the issues raised in the various motions to dismiss asserting, *inter alia*, the defense of qualified immunity.[5]

Per his Second Amended Complaint, Plaintiff alleges that he "was arrested on July 9, 2016, near the intersection of Goodwood Boulevard and Airline Highway for 'simple obstruction of a highway of commerce' while lawfully protesting the shooting death of Mr. Alton Sterling and racist policing in Baton Rouge."[6] Plaintiff alleges that he was arrested on "false grounds,"[7] was "detained in the East Baton Rouge Parish Prison, subjected to harsh detention conditions, and labeled as a criminal without just cause,"[8] and that "[a]s a direct result of Defendants' actions and Plaintiff's arrest," he was terminated from his employment.[9]

Plaintiff's Second Amended Complaint names the following defendants: (1) City of Baton Rouge/East Baton Rouge Parish (the "City/Parish"); (2) Sharon Weston Broome, the Mayor-

---

United States District Court, Middle District of Louisiana, Civil Action No. 17-324, R. Doc. 83 (Motion to Dismiss filed by EBRSO Defendants); *Smith, et al. v. City of Baton Rouge, et al.*, United States District Court, Middle District of Louisiana, Civil Action No. 17-436, R. Docs. 65 (Motion to Dismiss filed by Sheriff Gautreaux, Nova, and individual officer defendants) & 70 (Motion to Dismiss filed by Livingston Parish Sheriff's Office defendants); *Jackson v. City of Baton Rouge, et al.*, United States District Court, Middle District of Louisiana, Civil Action No. 17-438, R. Doc. 34 (Motion to Dismiss filed by EBRSO Defendants); *Imani, et al. v. City of Baton Rouge, et al.*, United States District Court, Middle District of Louisiana, Civil Action No. 17-439, R. Doc. 96 (Motion to Dismiss filed by the EBRSO Defendants); *Batiste-Swilley v. City of Baton Rouge, et al.*, United States District Court, Middle District of Louisiana, Civil Action No. 17-443, R. Docs. 62 (Motion to Dismiss filed by Sheriff Gautreaux, Nova, and individual officer defendants) & 68 (Motion to Dismiss filed by Livingston Parish Sheriff's Office defendants).

[5] *Tennart*, 17-179, R. Doc. 162; *Geller*, 17-324, R. Doc. 107; *Smith*, 17-436, R. Doc. 109; *Jackson*, 17-438, R. Doc. 60; *Imani*, 17-439, R. Doc. 118; *Batiste-Swilley*, 17-443, R. Doc. 104. Likewise, the undersigned stayed discovery pending resolution of the EBRSO Defendants' Motion to Dismiss in *Erp v. City of Baton Rouge, et al.*, United States District Court, Middle District of Louisiana, Civil Action No. 17-323, R. Doc. 89. Following the stay of discovery, Mr. Erp and the EBRSO Defendants filed a joint notice of settlement and a sixty-day conditional order of dismissal as to Sheriff Gautreaux and Nova was entered. *Erp*, 17-323, R. Docs. 90 & 93.

[6] R. Doc. 30, ¶ 14.

[7] R. Doc. 30, ¶ 6.

[8] R. Doc. 30, ¶ 7.

[9] R. Doc. 30, ¶ 8.

2

President of the City/Parish; (3) Sheriff Gautreaux; and (4) Nova, the alleged insurer of the East Baton Rouge Sheriff's office. With respect to Sheriff Gautreaux, Plaintiff asserts that he

> is the Sheriff of East Baton Rouge Parish and is an adult resident of the Middle District of Louisiana. The office of Sheriff is an autonomous political subdivision of the State of Louisiana. Defendant GAUTREAUX was responsible for the supervision, administration, policies, practices, procedures, and customs of the East Baton Rouge Sheriff's Office ("EBRSO"). Defendant GAUTREAUX was and is a final policymaker for the East Baton Rouge Sheriff's Office. He was and is responsible for the hiring, training, discipline, supervision, and control of the EBRSO command staff, supervisors, and deputies. He is sued in his official capacity.[10]

Plaintiff alleges that "each of the individual Defendants, acting in concert with one another and other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means; among other things, to unlawfully detain, arrest, and imprison the Plaintiff for the purpose of silencing dissent against police practices."[11] Per his Second Amended Complaint, Plaintiff asserts claims pursuant to 42 U.S.C. §§ 1983,[12] 1985(3),[13] municipal liability pursuant to *Monell*,[14] and supplemental state law claims.[15]

Sheriff Gautreaux and Nova have moved to dismiss Plaintiff's Second Amended Complaint.[16] In support of their Motion to Dismiss, the EBRSO Defendants assert, *inter alia*, that

---

[10] R. Doc. 30, ¶ 17.

[11] R. Doc. 30, ¶ 77.

[12] R. Doc. 30, ¶¶ 79-86 (civil conspiracy to violate civil rights of protestors); ¶¶ 93-95 (false detention, arrest, and imprisonment); ¶¶ 96-98 (excessive use of force); ¶¶ 99-104 (retaliatory arrest in violation of First Amendment rights); ¶¶ 105-108 (as-applied challenge to La. R.S. § 14:97).

[13] R. Doc. 30, ¶¶ 87-92 (claim for racially motivated conspiracy).

[14] R. Doc. 30, ¶¶ 109-115.

[15] R. Doc. 30, ¶¶ 116-123 (civil conspiracy to violate Plaintiff's rights); ¶¶ 124-127 (violation of the free expression protection of the Louisiana Constitution); ¶¶ 128-131 (violation of the right to privacy, the right to be left alone, and the rights of the accused); ¶¶ 132-135 (intentional torts of intentional infliction of emotional distress, assault, battery, and false imprisonment); ¶¶ 136-140 (abuse of process); ¶¶ 141-147 (abuse of rights); ¶¶ 148-152 (negligent injury).

[16] R. Doc. 44.

"Plaintiff has failed to state a claim against Sheriff Gautreaux in his individual capacity and he is entitled to qualified immunity."[17] The EBRSO Defendants contend that although "Plaintiff states that [Sheriff Gautreaux] is sued in his official capacity," "the allegations against Sheriff Gautreaux suggest that his [sic] is also being sued in his individual capacity."[18] Specifically, the EBRSO Defendants aver that:

> Plaintiff makes separate claims against all Defendants, including Sheriff Gautreaux, for conspiracy, false arrest, use of excessive force, First Amendment violations, as well as for municipal liability under *Monell*. For instance, Plaintiff alleges that each of the individual Defendants conspired to violate Plaintiff's rights. Further, Plaintiff alleges that the Defendants, including Sheriff Gautreaux, and their agents falsely arrested Plaintiff. Plaintiff alleges that Defendants, including Sheriff Gautreaux, employed excessive force or caused excessive force to be employed in arresting him. Plaintiff alleges that Defendants, including Sheriff Gautreaux, lacked probable cause to arrest him and arrested him or caused him to be arrested in retaliation for his exercise of First Amendment rights. Finally, Plaintiff brings a First Amendment claim against Defendants, including Sheriff Gautreaux, based on their application of La. R.S. Section 14:97 to detain or cause Plaintiff's detention.[19]

Per their Motion to Dismiss, the EBRSO Defendants assert that "[t]o the extent that this Court determines that Plaintiff is suing Sheriff Gautreaux in his individual capacity, Plaintiff has not alleged sufficient facts to state a §1983 individual capacity claim against Sheriff Gautreaux and he is entitled to qualified immunity as to any claims asserted against him in his individual capacity."[20]

---

[17] R. Doc. 44-1, p. 10.

[18] R. Doc. 44-1, p. 11.

[19] R. Doc. 44-1, p. 11.

[20] R. Doc. 44-1, p. 12. *See also*, R. Doc. 44-1, p. 14 ("Plaintiff fails to allege that Sheriff Gautreaux was personally involved in detaining or arresting him. In fact, Plaintiff specifically alleges that a BRPD officer grabbed him and used excessive force on him." "Thus, Sheriff Gautreaux is entitled to qualified immunity and any Section 1983 claim against him in his individual capacity should be dismissed with prejudice."); p. 23 ("Sheriff Gautreaux is entitled to qualified immunity as to the claims against him based on a Section 1983 conspiracy. A reasonable official in Sheriff Gautreaux's position would not have known with any certainty that alleged agreements to coordinate responses to protests among other law enforcement officers were forbidden by law. The Supreme Court has recognized that qualified immunity is applicable to a conspiracy claim."); p. 26 ("Sheriff Gautreaux is entitled to qualified immunity

In addition to seeking the dismissal of Plaintiff's claims against Sheriff Gautreaux, the EBRSO Defendants argue that because "Nova is only sued as the insurer of the [sic] Sheriff Gautreaux to the extent that any and/or all claims are dismissed against Sheriff Gautreaux, they should also be dismissed against Nova."[21] The EBRSO Defendants' Motion to Dismiss is pending.[22]

On the same day the EBRSO Defendants sought dismissal of Plaintiff's claims,[23] they also filed the instant Motion to Stay Discovery.[24] Per their Motion to Stay Discovery, the EBRSO Defendants ask this court to stay discovery while their Motion to Dismiss is pending.[25] In their Memorandum in Support, the EBRSO Defendants aver that while they "have no objection to the non-moving defendants engaging in *written* discovery with Plaintiff, Sheriff Defendants object to the Plaintiff and non-moving defendants taking depositions in this case while Sheriff Defendants' motion to dismiss is pending."[26] The EBRSO Defendants assert that if discovery is not stayed, they "would be compelled to participate in the depositions of the plaintiffs [sic], other defendants and/or fact witnesses if they are taken while their motion to dismiss asserting qualified immunity is pending."[27] The EBRSO Defendants further argue that a stay of discovery "will prevent any

---

as to the Section 1985(3) conspiracy claims because a reasonable officer would not have known that his alleged conduct was in violation of the law regarding Section 1985(3) conspiracies.").

[21] R. Doc. 44-1, p. 31.

[22] The deadline for Plaintiff to file an opposition to the Motion to Dismiss was extended to June 19, 2018. R. Doc. 50. Per the order granting that extension, the EBRSO Defendants may file a reply brief within fourteen days of the filing of Plaintiff's opposition. R. Doc. 50.

[23] *See*, R. Doc. 41 (Motion for Leave to File Memorandum in Excess of Page Limit).

[24] R. Doc. 42.

[25] R. Doc. 42, p. 1.

[26] R. Doc. 42-1, p. 4. *See also*, R. Doc. 42-1, p. 5 ("this Court should stay all discovery in this case, with the exception of written discovery between non-moving defendants and Plaintiff pending determination of the Motion to Dismiss."); p. 5 ("No discovery, except written discovery between non-moving defendants and Plaintiff, should be allowed until this Court reviews Plaintiff's Second Amended Complaint to determine whether Plaintiff has met the threshold pleading requirements by alleging facts which, if true, would overcome Sheriff Defendants' defense of qualified immunity.").

[27] R. Doc. 42-1, p. 4.

undue burden and expense of Sheriff Defendants should the allegations of the Second Amended Complaint be dismissed or narrowed" and that "a stay of discovery in this case would promote judicial efficiency and economy since this Court granted stays of discovery in other protest cases involving similar if not identical issues as in this case."[28]

**II.    Law and Analysis**

"Qualified immunity shields 'government officials performing discretionary functions' from civil liability for claims under federal law 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[29] Qualified immunity "insulates Government officials only from liability in an individual capacity, but has no effect on liability in an official capacity…."[30] Because "a local governmental entity sued under § 1983 may not assert a good faith immunity defense," "[i]t necessarily follows that since actions for damages against a party in his official capacity are, in essence, actions against the government entity of which the officer is an agent, Government officials sued in their official capacity may not then assert good faith immunity as a defense."[31] Accordingly, when a defendant is sued solely in his or her official capacity, that defendant may not assert the defense of qualified

---

[28] R. Doc. 42-1, p. 4.

[29] *Randle v. Lockwood*, 666 Fed. Appx. 333, 335 (5th Cir. 2016) (internal citations omitted).

[30] *Universal Amusement Co. v. Hofheinz*, 646 F.2d 996, 997 (5th Cir. 1981).

[31] *Id.* (internal citations omitted).

6

immunity.[32] Where a defendant is sued in both his official and individual capacities, qualified immunity may be asserted as a defense against the plaintiff's individual capacity claims.[33]

In opposition to the instant Motion to Stay, Plaintiff contends that he "has not sued any individuals in this case," and that "Mayor Sharon Weston Broome and Sheriff Gautreaux were sued only in their official capacities."[34] Plaintiff characterizes the EBRSO Defendants' assertion of qualified immunity as "baseless"[35] and asserts that he "has made quite clear that the Second Amended Complaint asserts claims against Sheriff Gautreaux only in his official capacity."[36] Plaintiff contends that "because the claims of the Second Amended Complaint are not asserted against any Defendant individually, qualified immunity cannot shield EBRSO Defendants from discovery."[37]

---

[32] *Baptiste v. Colonial Sugars, Inc.*, Civ. A. 92-3513, 1995 WL 491153, at * 1 (E.D. La. Aug. 16, 1995) ("With regard to defendant Martin, plaintiffs argue that because he, as Sheriff of St. James Parish, is sued solely in his official capacity, Martin is not entitled to a stay of discovery or any other of the protections of qualified immunity. The Court agrees. Qualified immunity 'does not extend to state officials sued in their official capacities.'") (citing *Mangaroo v. Nelson*, 864 F.2d 1202, 1208 (5th Cir. 1989)); *Simpson v. Hines*, 903 F.2d 400, 404 (5th Cir. 1990) ("Because Chief Lovings is sued in his official capacity only, qualified immunity is not at issue. "); *Simmons v. City of Mamou*, Civil Action No. 09-0663, 2010 WL 4291508, at * 3 (W.D. La. Oct. 26, 2010) ("it is axiomatic the defense of qualified immunity does not apply to either municipalities or government officials sued in their official capacities."). *See also*, *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 n. 3 (5th Cir. 1991) ("The district court also reasoned that the suit against Albert Davis in his individual capacity should be dismissed on the basis of qualified immunity. Because Delahoussaye sued officer Davis only in his official capacity, however, the district court's discussion of this issue was unnecessary.").

[33] *See*, *e.g.*, *Mangaroo*, 864 F.2d at 1207-1208 (noting that qualified immunity had "no relevance" in the context of official capacity claims while considering whether the same defendant sued also in his individual capacity was entitled to qualified immunity); *Colbert v. City of Baton Rouge/Parish of East Baton Rouge*, Civil Action No. 17-00028, 2018 WL 344966 (M.D. La. Jan. 8, 2018) (analyzing dismissal of claims against Sheriff Gautreaux in his official capacity separate and apart from analysis of whether claims against Sheriff Gautreaux in his individual capacity were subject to the defense of qualified immunity).

[34] R. Doc. 52, pp. 1-2.

[35] R. Doc. 52, p. 2. *See also*, R. Doc. 52, p. 5 ("While EBRSO Defendants have included a qualified immunity argument in their motion to dismiss in this case, it is patently baseless on black letter law, given that no Defendant has been sued in his or her individual capacity.").

[36] R. Doc. 52, p. 4.

[37] R. Doc. 52, p. 4.

The question of whether Plaintiff's claims against Sheriff Gautreaux are subject to the potential defense of qualified immunity (*i.e.*, whether Plaintiff has asserted a claim against Sheriff Gautreaux in the Sheriff's individual capacity) is an issue to be decided by the District Judge in the context of the pending Motion to Dismiss. Until the District Judge considers the potential applicability of the qualified immunity defense, the undersigned finds that allowing discovery as to the EBRSO Defendants is improper because "qualified immunity constitutes an 'immunity from suit' rather than a mere defense to liability."[38] Further, because "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive,"[39] the undersigned finds that staying discovery as to all parties in this suit would "further[] [the EBRSO Defendants'] interests in being shielded from the burdens of being required to participate in discovery (even discovery that is not directed specifically to them), pending resolution of the defense."[40] Especially in light of Plaintiff's allegations that all defendants participated in a civil conspiracy in violation of Plaintiff's civil rights, the undersigned finds that the EBRSO Defendants would feel compelled to participate in discovery efforts, such as

---

[38] *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam)). In their Motion to Dismiss, the EBRSO Defendants assert that "[s]ince Nova is only sued as the insurer of Sheriff Gautreaux to the extent that any and/or all claims are dismissed against Sheriff Gautreaux, they should also be dismissed against Nova." R. Doc. 44-1, p. 31. Accordingly, whether Nova may also benefit from Sheriff Gautreaux's qualified immunity defense is an issue to be considered by the District Judge. In any event, it is unclear what discovery from Nova Plaintiff would seek. Nova, as the alleged insurer of Sheriff Gautreaux, presumably would not have any knowledge regarding the underlying facts of this suit.

[39] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). The Fifth Circuit has "established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015). "First, the district court must determine that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity. Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id*. "When reviewing a complaint that meets this standard, the district court may defer its qualified immunity ruling and order limited discovery if the court remains unable to rule on the immunity defense without further clarification of the facts." *Id*. *See also*, *Wilson v. Sharp*, Civil Action No. 17-84, 2017 WL 4685002, at * 2 (M.D. La. Oct. 17, 2017) (citing *Lion Boulos v. Wilson*, 834 F.2d 504, 507-508 (5th Cir. 1987)).

[40] *Wilson*, 2017 WL 4685002, at * 2.

depositions of other witnesses, prior to resolution of the Motion to Dismiss. However, in light of the EBRSO Defendants' assertion that they do not object to the non-moving defendants and Plaintiff engaging in written discovery, the court will allow such written discovery to proceed.

### III. Conclusion

For the reasons set forth herein, the Motion to Stay Discovery[41] filed by the EBRSO Defendants is **GRANTED IN PART**.

**IT IS HEREBY ORDERED** that discovery in this matter, with the exception of written discovery between Plaintiff and the non-moving defendants (*i.e.*, parties other than EBRSO Defendants), is **STAYED** pending resolution of the issues raised in the Motion to Dismiss.[42]

Signed in Baton Rouge, Louisiana, on June 13, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[41] R. Doc. 42.

[42] R. Doc. 44.